(72 Misc. Rep. 410.)

### CRANDALL v. PATTERSON.

(Supreme Court, Appellate Term.  June 29, 1911.)

1. JUDGMENT (§ 255*)—ON TRIAL OF ISSUES—THEORY OF CASE—EVIDENCE.
    Where a case is tried on a specified theory, acquiesced in by both parties, who thereby dispense with proof of facts otherwise necessary, and adopted without objection by the trial court, the theory is the law of the case, and the judgment rendered must be in accordance therewith.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 445; Dec. Dig. § 255.*]

2. JUDGMENT (§ 253*)—AMOUNT CLAIMED—THEORY OF PARTIES.
    Where an action against a tenant of a furnished apartment for damages to the furniture was tried on the theory that the measure of damages was the amount actually expended by the landlord to repair the furniture, a judgment for the landlord must be limited to such amount.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 443, 444; Dec. Dig. § 253.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Florence I. Crandall against Charles F. Patterson. From a judgment for plaintiff, as modified by an order subsequently entered, and from an order refusing to set aside the judgment and for a new trial, defendant appeals. Conditionally modified and affirmed.

Argued before SEABURY, GUY, and BIJUR, JJ.

Barbour, Rush & Hare (Thomas E. Rush and Effingham N. Dodge, of counsel), for appellant.

Fromme Bros. (Chilton Devereux, of counsel), for respondent.

PER CURIAM. The defendant rented furnished apartments of the plaintiff, and occupied them for a period of eight months. This action was brought to recover for damages alleged to have been done to the furniture by the defendant during his occupancy. The plaintiff was the principal witness in her own behalf, and at the beginning of the trial the defendant objected strenuously to her competency to testify to the value of the furniture at the time the defendant took possession of it and its value when he delivered up possession to the plaintiff. The plaintiff's counsel then said:

"I will rely upon the cost of repairing. I am willing to accept in this case the amount the lady actually expended."

At the close of the entire case the court said:

"The cost of repairs, as I understand it, is the test of value—of damages, rather. I have looked it up, and find that evidence of damages is the cost of repair, if an article can be repaired. The damages are what it will cost to put it back to its original condition. That is the test of value."

The defendant apparently agreed to the plaintiff's statement as to what she would rely on as the measure of damage in this case, and both sides acquiesced in the court's statement as to what he considered the law and upon what he should base his estimate of damages. The court reserved decision until briefs were submitted, and then gave judgment in favor of the plaintiff for $500 damages, subsequently reducing it to the sum of $437.

The respondent states in his brief, referring to the admissions made upon the part of the plaintiff as to the measure of damage being the amount paid for repairs, as follows:

"It is evident that counsel for defendant so understood the admission at the time, for throughout the balance of the trial he never objected to the testimony of the plaintiff as to the amount it would be necessary to expend in order to restore the furniture to its original condition."

And he concedes, also, in his brief, that the amount testified to as having been paid by plaintiff for repairs to the damaged furniture was but $242.50.

[1, 2] While it is true that attorneys cannot make the law, nevertheless they may, by their admissions taken upon the record, dispense with the proof of facts otherwise necessary; and, a case having been tried upon a certain theory, acquiesced in by both parties and adopted without objection by the trial court, it becomes thereby the law of that particular case.

The judgment must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event, unless the plaintiff will stipulate, within 10 days after entry of the judgment of this court, to reduce the amount of the recovery herein to the sum of $242.50 and appropriate costs in the court below, in which event the judgment, as so modified, is affirmed, without costs of this appeal to either party.